IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PAMELA LOVE | § | |
| *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 20-cv-176 |
| UNIVERSITY OF SAINT THOMAS | § § | JURY TRIAL DEMANDED |
| *Defendant.* | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Plaintiff Pamela Love ("Love"),[1] and complains of Defendant University of Saint Thomas ("UST"), for cause of action would respectfully show the Court as follows:

## I. NATURE OF THE LAWSUIT

1. This is a race discrimination and retaliation case under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Civil Rights Act of 1866, as amended. *See* 42 U.S.C. § 2000e *et. seq.*; 42 U.S.C. § 1981.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331. Specifically, the claims brought under the Title VII and 28 U.S.C. § 1981 involve federal questions.

---

[1] Formerly known as Pamela Hodges.

1

3. Venue of this action is proper in this district and division under 28 U.S.C. § 1391(b)(1) and (b)(2) because UST has a principal place of business in the Southern District of Texas and/or a substantial part of the events or omissions giving rise to Love's claims occurred in the Southern District of Texas.

## III.
## PARTIES

4. Love is a citizen of the United States of America, and is a resident of Arizona.

5. University of Saint Thomas is a private university authorized to do business in Texas. UST may be served with process by serving its registered agent, Richard Ludwick, 3800 Montrose Blvd., Houston, Texas 77006.

## IV.
## PROCEDURAL REQUISITES

6. On or about December 15, 2016, Love filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").[2] The EEOC issued a right-to-sue notice on or about November 19, 2019. This lawsuit is being filed within 90 days of receipt of the EEOC right-to-sue notice.

## V.
## FACTS

7. UST is a private Catholic university.

8. UST has over 15 employees.

9. Love is a registered nurse. In 2001 she obtained a Masters of Nursing degree. In 2008 she obtained a PhD in Nursing.

10. Love spent several years practicing as a nurse, and in 2001 started teaching. She was an Assistant Professor with the University of Texas Health Science Center at San Antonio

---

[2] Under the name Pamela Hodges.

School of Nursing from 2003 to 2009; and then an Assistant Professor with the University of Texas Health Science Center at Houston School of Nursing from 2009 to 2013.

11. Love was hired as an Associate Professor at the UST School of Nursing in August 2013.

12. Love was qualified for her position with UST. Love is still qualified for an Associate Professor position and is also qualified for a Professor position.

13. Love's performance during her employment was satisfactory or better.

14. Love's race is White.

15. Throughout her tenure, the Associate Dean, Angelina Chambers, showed preferential treatment to Love's co-workers who are Black.

16. As an example, Chambers showed more favorable treatment to Lucindra Campbell-Law, who was given more opportunities and recognitions.

17. Chambers' race is Black.

18. Campbell-Law's race is Black.

19. Chambers removed Love as course coordinator from two courses in which she had successful outcomes. Chambers replaced Love with Campbell-Law.

20. Love was also denied the opportunity to participate in a study abroad program. Instead, that opportunity was given to Campbell-Law.

21. On February 24, 2016, Love voiced her concerns via email about race discrimination to Chambers, Randy Graham (Associate Vice President, Human Resources), and Poldi Tschirch (Dean of the School of Nursing).

22. After Love's report of race discrimination, she became subject to numerous or unjustified meetings with Graham.

23. On May 6, 2016, Graham issued a decision that there was no discrimination based on Love's race.

24. Just six days later – on May 12, 2016 – Graham informed Love that her contract would not be renewed at the end of June. Graham provided no explanation for the reason of the non-renewal.

25. UST did not follow its own policies and procedures with respect to terminating (or choosing not to renew) Love's contract.

26. UST replaced Love with Yvette Rolle.

27. Rolle is Black.

28. Rolle was less qualified than Love.

29. Love filed a charge of discrimination with the EEOC in late 2016.

30. In response, UST provided false information to the EEOC.

31. The EEOC issued a "reasonable cause" determination on or about September 25, 2019. More specifically, the EEOC found that UST terminated Love's employment after engaging in a protected activity. This is a retaliatory act.

32. UST has recently faced other allegations of employment discrimination and retaliation. This includes the following two cases: *Siobhan Fleming v. The University of St. Thomas*, case no. 4:18-cv-00110, in the Southern District of Texas (sex discrimination and retaliation); and *Kelly Vanderberg v. University of St. Thomas*, case no. 4:18-cv-00379, in the Southern District of Texas (race discrimination and retaliation). In fact, the *Vanderberg* case, which is ongoing, involves similar allegations concerning Chambers, Graham, Tschirch, and Campbell-Law.

33. Therefore, UST has a pattern and practice of discriminating and retaliating. UST has not learned, and will not learn, to follow the law unless it is appropriately punished.

34. UST did not act in good faith.

35. UST's actions were committed with malice.

36. Love has suffered economic damages, mental anguish, emotional distress, and other compensatory damages as a result of UST's actions.

## VI.
## CAUSES OF ACTION

37. Love hereby incorporates, by reference, the preceding paragraphs as if fully set forth herein, and accordingly alleges the following causes of action.

**A.     Race Discrimination under 42 U.S.C. § 1981**

38. Based on the foregoing, UST discriminated against Love based on her race with respect to the terms and conditions of her employment, including her treatment while she was employed and when deciding to terminate her or not renew her contract. *See* 42 U.S.C. § 1981.

**B.     Race Discrimination under Title VII**

39. Based on the foregoing, UST discriminated against Love based on her race with respect to the terms and conditions of her employment, including her treatment while she was employed and when deciding to terminate her or not renew her contract. *See* 42 U.S.C. § 2000e *et. seq*.

40. In the alternative, Love's race was at least a motivating factor for her termination.

**C.     Retaliation under 28 U.S.C. § 1981**

41. Based on the foregoing, UST retaliated against Love for complaining about race discrimination. *See* 42 U.S.C. § 1981.

**D.    Retaliation under Title VII**

42. Based on the foregoing, UST retaliated against Love for complaining about race discrimination.  *See* 42 U.S.C. § 2000e-3.

## VII.
## ATTORNEY'S FEES

43. As a result of UST's actions, Love has had to retain the undersigned attorney and incur reasonable and necessary attorney's fees and costs.

## VIII.
## JURY DEMAND

44. Love hereby demands trial by jury.

## IX.
## DAMAGES

45. As a result of the above mentioned actions, Love seeks the following damages:

   a.  Back pay;

   b.  Loss of benefits;

   c.  Loss of earning capacity;

   d.  Loss of professional and academic opportunities;

   e.  Reinstatement or, in the alternative, front pay;

   f.  Loss of enjoyment of life;

   g.  Mental anguish and emotional distress;

   h.  Compensatory damages;

   i.  Punitive damages;

   j.  Any and all other damages and/or relief, equitable or otherwise, to which Love may be entitled under federal law;

   k.  Reasonable and necessary attorney's fees;

    l. Court costs;

    m. Pre-judgment and post-judgment interest accruing at the maximum rate allowed by law;

    n. All further relief to which Love may be entitled.

## X.
## PRAYER

46. WHEREFORE, Love respectfully prays that UST be cited to appear and answer herein and that upon a final hearing of this action, judgment be entered for Love against UST for damages in an amount within the jurisdictional limits of this Court, which shall include all above mentioned damages and any other relief, at law or in equity, to which Love may be entitled.

Respectfully submitted,

SUD LAW P.C.

*/s/ Nitin Sud*
Nitin Sud
State Bar No. 24051399
Fed. ID No. 611307
6750 West Loop South
Suite 920
Bellaire, Texas 77401
Phone: 832-623-6420
Fax: 832-304-2552
Email: nsud@sudemploymentlaw.com

Attorney for Plaintiff